Ahmed SALMAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–70356.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 13, 2007.

J. Jack Artz, Esq., Law Office of J. Jack Artz, Norwalk, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Alarice M. Medrano, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ahmed Salman, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

■ Even assuming that Salman established asylum eligibility based on a protected ground, substantial evidence supports the IJ's finding that the single threat Salman received as a result of his refusal to provide free automotive services to the Ba'athist Iraqi military members was insufficient to support a finding of past persecution. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005) (vague written threats which did not indicate impending physical violence did not rise to the level of persecution).

■ Salman also contends that his lost profits resulting from his refusal to provide free services to officers demonstrate substantial economic deprivation which rises to the level of persecution. However, because these lost profits did not constitute a threat to Salman's life or freedom, substantial evidence supports the IJ's finding that he has not demonstrated persecution stemming from substantial economic deprivation. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1186 (9th Cir.2006) (holding that Eritrean government's confiscation of the family business did not constitute substantial economic deprivation rising to the level of persecution).

Moreover, substantial evidence supports the IJ's finding that Salman did not establish an objectively-reasonable, well-founded fear of future persecution. *See Nahrvani,* 399 F.3d at 1154.

Because Salman failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

In his opening brief, Salman failed to address, and therefore has waived any challenge to, the IJ's determination that he is ineligible for CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.